**Dated: November 14, 2005**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MICHELE MONIQUE FOSTER** | ) | Case No. 05-72131 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### O R D E R

On the 12th day of October, 2005, the Motion to Disgorge Fees Paid to Debtor's Attorney, filed by the United States Trustee; and Objection to Motion to Disgorge Fees Paid to Debtor's Attorney, filed by Christan P. Mai; came on for evidentiary hearing. Appearances were entered by David W. Newman, Attorney for the United States Trustee ("UST"), and Christan P. Mai. After reviewing the evidence and testimony, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Mr. Mai first met with the Debtor on December 3, 2003, for an initial divorce consultation. No agreement was completed at that time for the rendering of any additional legal services. Debtor again met

with Mr. Mai on March 22, 2005, for a bankruptcy consultation. On that date Debtor and Mr. Mai executed an agreement titled, "ATTORNEY - CLIENT AGREEMENT, Financial Review, Bankruptcy Filing, or Either" ("Agreement"). Debtor paid $750.00 to Mr. Mai, which included the bankruptcy filing fee. The Agreement specifically provided, "Fixed Fee of $750.00 covers Bankruptcy review, filing, and filing Advice in any ancillary proceedings only." Debtor received an information packet in which the Debtor was to disclose her assets, liabilities, and related financial information.

Debtor completed the information packet and returned it to Mr. Mai. Mr. Mai's office prepared a draft bankruptcy petition with schedules and related documents. Debtor and Mr. Mai met again on April 12, 2005, at which time agreed revisions to the documents were discussed, and they agreed to meet again on April 14, 2005. On the 14th, the final bankruptcy documents were executed.

Mr. Mai states in his Objection that under the Agreement, his law firm is not committed to any specific course of action in the absence of completing an assessment of the client's financial circumstances. Mr. Mai states that if bankruptcy is recommended and the client concurs, the $750.00 is applied for that purpose.

Mr. Mai also states in his pleading that as of April 14, 2005, he had registered for electronic filing with this Court, but had not completed all requirements. He further states that he advised the Debtor that the bankruptcy filing would be made when he received authorization from the Court to electronically file documents.

Mr. Mai alleges that he completed the requirements for electronic filing on April 20, 2005, and despite continued communications to the Court, he did not receive a response regarding system access until May 19, 2005. The records of this Court show, however, that Mr. Mai was provided the training

2

Case 05-72131    Doc 41    Filed 11/15/05    Entered 11/15/05 10:06:13    Desc Main
Document      Page 2 of 7

exercises necessary for system access on September 9, 2004. Mr. Mai did not complete the exercises until April 20, 2005. He was granted access on April 26, 2005, only six days following his completion of the exercises. Three e-mail notifications from Court staff were sent to Mr. Mai to inform him of this, the first being sent on April 26, 2005, the same day he was granted access.

On May 18, 2005, Debtor left a message on Mr. Mai's office voice mail to question why her bankruptcy was not yet filed. Debtor also expressed concern for the delay. On May 19, 2005, the same date Mr. Mai was granted access to electronically file documents, the Debtor's bankruptcy petition was filed. The Disclosure of Compensation of Attorney for Debtor was filed with the bankruptcy petition. This Disclosure indicates that Mr. Mai agreed to accept $750.00 for his legal services, and that no payments were received prior to filing the Disclosure, with a $750.00 balance due and owing. Section five (5) of the Disclosure lists the legal services Mr. Mai agreed to render in return for his fee, including, "Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof."

On the day of the bankruptcy filing, Mr. Mai sent a letter to the Debtor to inform her of the First Meeting of Creditors, and to further inform the Debtor that he would not be able to attend the meeting with her. The letter also stated, "Moving the day of the meeting, however, is not advisable." Mr. Mai stated in Court that he was scheduled to be out of state during the Debtor's creditors' meeting to attend two family reunions.

During the time following the April 14, 2005, meeting, the Debtor and Mr. Mai were unable to meet or speak over the phone due to work schedules. As a result, Mr. Mai held telephonic conferences and met with Debtor's mother to discuss various issues concerning the Debtor and her bankruptcy case. Mr. Mai also provided copies of the Debtor's file to the Debtor's mother. Debtor's mother decided to

attende the Debtor's creditors' meeting with the Debtor to provide moral support.

At the meeting of creditors, held on June 27, 2005, the Debtor was informed by the Chapter 7 Trustee of certain options regarding her case, including 1) proceed pro se and amend her schedules and return for a continued creditors' meeting in five days; 2) retain other counsel and return to conclude the creditors' meeting; or 3) continue the creditors' meeting for five days and appear with Mr. Mai. The Debtor went into the hallway outside the meeting room and met with an attorney, Mr. Ryan Assink. The Debtor's mother paid Mr. Assink $300.00, and later that day the Debtor's meeting of creditors was concluded with Mr. Assink in attendance on behalf of the Debtor. Mr. Assink entered a Notice of Appearance in the Debtor's case on that same date.

On June 28, 2005, a Notice was entered by the Court directing Mr. Mai to respond to Mr. Assink's Notice of Appearance or file a withdrawal as attorney. Mr. Mai failed to respond, and an Order relieving Mr. Mai as counsel for the Debtor was entered July 12, 2005.

This Court heard testimony from the Debtor regarding her meetings with Mr. Mai and the bankruptcy case. Debtor stated that she retained Mr. Mai because she wanted an attorney to represent her in bankruptcy, and she believed he would appear at the creditors' meeting. She stated that at the March 22, 2005, meeting Mr. Mai even offered her a ride to the creditors' meeting. The Debtor testified that she would not have retained Mr. Mai if she had known he would be unable to appear at the creditors' meeting.

Debtor was unemployed with three children and separated from her husband at the time she retained Mr. Mai. Debtor used funds from a tax refund to make the $750.00 payment to Mr. Mai.

UST argues that Debtor retained Mr. Mai based, in large part, on his representation that he would

4

represent Debtor at the creditors' meeting. UST further argues that the Disclosure filed by Mr. Mai contains false statements, since Mr. Mai was paid $750.00 on March 22, 2005. UST also notes that question nine (9) of the Statement of Affairs filed by Mr. Mai on behalf of the Debtor fails to state the date and amount of fees he received. UST contends that this failure to make an accurate disclosure warrants disgorgement of Mr. Mai's fees. UST also contends that Mr. Mai's fee should be disgorged due to his failure to properly perform services in this case. UST further argues that Mr. Mai's fees in this case exceed the reasonable value of his services, noting that this was a straight forward no asset case.

Mr. Mai argues that he maintained an excellent professional relationship with the Debtor and her mother, and acted reasonable, prudent, and consistent with his professional obligations. Mr. Mai also contends that the $750.00 paid by the Debtor was an advance retainer for legal services which included a financial review and possible bankruptcy filing, but did not include representation of the Debtor at any hearing.

## ANALYSIS

Section 329 of the Bankruptcy Code provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to -
    (1) the estate if the property transferred -
        (A) would have been property of the estate; or
        (B) was to be paid by or on behalf of the debtor under a

5

>> plan under chapter 11, 12, or 13 of this title; or
> (2) the entity that made such payment.

11 U.S.C. § 329. Bankruptcy Rule 2016 requires:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b).

"Courts have long recognized that the debtor is in a vulnerable position and is highly dependent on its attorney and therefore would be reluctant to object to the fees of the attorney." *In re Smitty's Truck Stop, Inc.,* 210 B.R. 844, 848 (10th Cir. BAP 1997) (quoting 3 *Collier on Bankruptcy* ¶ 329.01 (Lawrence P. King ed., 15th ed. rev. 1997). One purpose of § 329 is to protect debtors from overreaching by attorneys. *Id.*

The United States Court of Appeals has held that:

> [T]he disclosure requirements imposed by § 329 are "mandatory not permissive." *In re Bennett,* 133 B.R. 374, 378 (Bankr. N.D. Tex. 1991). Accordingly, an attorney who fails to comply with the requirements of § 329 forfeits any right to receive compensation for services rendered on behalf of the debtor, *id.* at 379; *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 575 (Bankr. N.D. Tex. 1986), and a court may order an attorney *sua sponte* to disgorge funds already paid to the attorney, *In re Saturley,* 131 B.R. 509, 522 (Bankr. D.Me. 1991); *In re Kendavis Indus. Int'l, Inc.,* 91 B.R. 742, 759 (Bankr. N.D. Tex. 1988); *In the matter of Chambers,* 76 B.R. 194, 195 (Bankr. M.D. Fla. 1987); *In re Chapel Gate,* 64 B.R. at 574, 575.

*In re Investment Bankers, Inc.,* 4 F.3d 1556, 1565 (10th Cir. 1993), *cert denied* 510 U.S. 1114, 114

6

S.Ct. 1061, 127 L.Ed.2d 381 (1994). "Anything less than the full measure of disclosure leaves counsel at risk that all compensation may be denied." *In re Saturley,* 131 B.R. 509, 517 (Bankr. D. Me. 1991) (citations omitted).

Mr. Mai failed to disclose the $750.00 paid to him by the Debtor on March 22, 2005. This Court finds that Mr. Mai violated § 329, and the Court now has the authority to order Mr. Mai to disgorge the payment made by the Debtor. *In re Investment Bankers, Inc.,* 4 F.3d at 1566. Therefore, this Court finds that the $750.00 payment by the Debtor, less the $209.00 bankruptcy filing fee, should be disgorged.

IT IS THEREFORE ORDERED that the Motion to Disgorge Fees Paid to Debtor's Attorney, filed by the United States Trustee, is **granted.** Mr. Mai shall remit $750.00, less the $209.00 bankruptcy filing fee, to the Chapter 7 Trustee within fifteen (15) days from the date of this Order.

###